**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER RYAN GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3235 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this civil rights action, Christopher Ryan George alleges that he was improperly charged as an adult based on events that occurred when he was a juvenile. He has sued Harris County and the Harris County District Attorney's Office under 42 U.S.C. §§ 1983 and 1985. (Docket Entry No. 1). The defendants moved to dismiss under Rule 12(b)(6). (Docket Entry No. 3). George responded, (Docket Entry No. 12); the defendants replied, (Docket Entry No. 15); and George filed a surreply, (Docket Entry No. 16).

Based on the record; the motion, response, reply, and surreply; and the relevant law, this court grants the motion to dismiss, with leave to amend. George must file an amended complaint no later than June 24, 2011. The reasons are set out below.

**I.     Background**

George was arrested for sexual assault on a child. George was fourteen years old when the alleged offense occurred and when he was taken into custody. (Docket Entry No. 1, ¶ 3.5). He was incarcerated before and during his trial in Fort Bend County, Texas, from October 2004 until January 2006, when he was tried and acquitted. The Fort Bend County proceedings were juvenile proceedings.

In 2005, while incarcerated in Fort Bend County, George was charged with sexual assault in Harris County, based on the same incident. (*Id.*, ¶ 3.2). After George turned eighteen, Harris County sought to try him as an adult. (*Id.*, ¶ 3.3). George alleges that during the certification process, he never "received any petition, indictment, information or certification which alleged that [he] was a juvenile who had engaged in conduct in violation of the laws of the State of Texas." (*Id.*, ¶ 3.4–3.5). According to George, as a result, the certifying court lacked jurisdiction in May 2006 to certify him as an adult, and as a result, the Harris County court did not acquire jurisdiction. George remained incarcerated for three years during the pendency of the Harris County case. (*Id.*, ¶ 3.6). The case was dismissed for lack of jurisdiction on September 8, 2009. (*Id.*).

George alleges that the events and resulting incarceration from 2006 to 2009 violated his rights to procedural and substantive due process, among others. He seeks compensatory and punitive damages under 42 U.S.C. § 1983 and 1985, as well as attorney's fees. He has sued Harris County and the Harris County District Attorney's Office. The defendants have moved to dismiss, arguing that the §§ 1983 and 1985 allegations fail to state a claim because of limits on municipal liability and absolute prosecutorial immunity. George's argument focuses on whether prosecutorial immunity applies.

The arguments are analyzed below.

**II.     Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* rejected the

2

Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed

3

change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

## III. Analysis

### A. Municipal Liability

The complaint names Harris County and the Harris County District Attorney's Office as defendants. "Texas law makes clear, however, that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted." *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *see also Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (unpublished) (citing cases). The allegations relate to decisions by the Harris County District Attorney's Office to prosecute George. (*See, e.g.*, Docket Entry No. 12 at 8 (clarifying that the allegations concern "a longstanding practice of selectively targeting African American and Hispanic Juveniles, arresting them and prosecuting them utilizing a method that foreseeably would violate their due process rights, without ever serving them with a petition, information or indictment in violation of the law")).[1] The prosecutorial actions alleged in the complaint are those of the State of Texas, not Harris County. Neither § 1983 nor

---

[1] The complaint does not allege involvement in George's arrest, as opposed to prosecution. George has alleged no facts, either in the complaint or subsequent briefing, suggesting that Harris County prosecutors were involved with the original decision to arrest and charge George in Fort Bend County. To the extent that George alleges that his arrest was unconstitutional, the defendants point out that such a claim is barred by the two-year statute of limitations. *Maples v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (summary calendar) (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)); *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) (citing TEX. CIV. PRAC. & REM. CODE § 16.003).

4

§ 1985 allows damages claims against a State. *Washington v. Louisiana*, No. 10-31089, 2011 WL 1834258, at *2 (5th Cir. May 12, 2011) (summary calendar) (per curiam) (unpublished).

### B.    Prosecutorial Immunity

Prosecutorial immunity applies to individuals sued in their individual capacities. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359–60 (2011) (analyzing a prosecutorial misconduct claim against the municipal defendant on the basis of whether a custom or policy was the moving force behind the alleged civil rights violation, not on the basis of immunity); *Quinn*, 326 F. App'x at 292 (applying the same approach as *Thompson* for claims against the County and prosecutorial immunity for the individual-capacity claims). To the extent that George seeks damages against individual prosecutors, absolute "[p]rosecutorial immunity . . . extend[s] to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution." *Quinn*, 326 F. App'x at 292 (citing *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984); *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980)). The plaintiffs have alleged no basis to overcome or avoid prosecutorial immunity in this case.

### IV.    Conclusion

The defendants' motion to dismiss is granted. George must file an amended complaint no later than June 24, 2011.

SIGNED on May 24, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge